**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector CERVANTES–AGUILAR,**
**Defendant–Appellant.**

**No. 05–1031.**

United States Court of Appeals,
Tenth Circuit.

Aug. 5, 2005.

Erry N. Jones, Robert M. Brown, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Raymond P. Moore, Fed. Public Defender, Janine Yunker, Asst. F.P. Defender, Office of the Federal Public Defender District of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Before KELLY, O'BRIEN, and TYMKOVICH, Circuit Judges.\*

**ORDER AND JUDGMENT**\*\*

TYMKOVICH, Circuit Judge.

Defendant Hector Cervantes–Aguilar pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 77 months' imprisonment, the bottom of the applicable Sentencing Guidelines range. Prior to sentencing, Defendant filed a Motion to Declare Sentencing Guidelines Invalid and/or Unconstitutional and Objection to Guideline Sentencing, relying on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The district court denied the motion. Subsequently, the United States Supreme Court handed down *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Defendant's opening brief argues that the district court committed non-constitutional Booker error because it sentenced him under a mandatory guidelines regime. *See United States v. Gonzalez–Huerta*, 403 F.3d 727, 731–32 (2005). The government concedes *United States v. Labastida–Segura*, 396 F.3d 1140 (10th Cir.2005), requires Defendant's case to be remanded for resentencing. We agree. Therefore, we REMAND to the district court for resentencing.

---

\*\* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.